**United States District Court**
NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30335

LUTHER D. THOMAS
CLERK

February 14, 1990

90-00001X JAG
Filed JD

Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale, Fl. 33301

IN RE:   USA v STEVE SATTERFIELD
         (Criminal No. CR 89-42-A-1   A)

Dear Sir:

  Pursuant to 18 U.S.C. § 3653 and in compliance with the orders of the United States District Courts, wherein this court's transfer of jurisdiction of probation was accepted and assumed by your court, please find enclosed certified copies of the indictment, plea (or verdict), judgment and commitment and conditions of probation, together with this Court's order of transfer.

  Please acknowledge receipt of same on the duplicate copy of this letter as provided.

                                    Sincerely,

                                    Barbara C. Mathias
                                    Deputy Clerk
                                    Barbara C. Mathias

CC:  United States Probation Office
     file
     Defendant
     AUSA, H. Allen Moye

SCANNED

```
CR-89-00042-01                                                    CR-89-00042-01
                        US-V-SATTERFIELD
                        as of 02/14/90 at 8:39 AM
----------------------------------------------------------------------

Judge: JUDGE O'KELLEY                              Case Filed: 02/06/89

Defendant:

D1      SATTERFIELD, STEVE

        Address:


        Dft ID: -10454

        Defendant terminated: 04/11/89

        Terminated counts:                 Disposition
          DAPCA--Marijuana: Selling,         (Count 1) IMPR. 6 months as
          distribution, or dispensing        to Ct 1. FINE $1,000.00.
          Attempted possession of            Deft to pay an assessment
          marijuana with the intent          of $50.00. Deft shall
          to distribute, in viol of          surrender for service of
          21:841(a)(1) and 846, all          sentence before 2 P.M. on
          in viol, 21:843(b) (1)             5/12/89 or to the USM,
                                             Atlanta, Ga., if no
                                             designation has been
                                             received by the Bureau of
                                             Prisons. Upon release from
                                             imprisonment, the deft
                                             shall be on supervised
                                             release for a term of 1
                                             year. Defendant is
                                             prohibited from possessing
                                             or having under his control
                                             any firearm, is required to
                                             participate ina a substance
                                             abuse program approved by
                                             USPO and deft is to pay his
                                             fine and special assessment
                                             on terms and conditions set
                                             by the USPO. (04/11/89)

        Offense Level (disposition): FEL

        Total Jail: 6 Mo   Total Fine: $1,000.00

        Defense Counsel:                           ATTEST: A TRUE COPY
          STATHAM, C GORDON                        CERTIFIED THIS
          119 East Maple Street
          Decatur, GA  30030
          377-5531                                 FEB 14 1990

                                                   Luther D. Thomas, Clerk
                                                   By: Deputy Clerk
```

```
CR-89-00042-01                                              CR-89-00042-01     PAGE 2
                       US-V-SATTERFIELD
                         as of 02/14/90 at 8:39 AM
-------------------------------------------------------------------------------

   U S Attorneys:
      MOYE, H ALLEN
      331-3784

..............................................................................
```

```
                                                                    PAGE 3
CR-89-00042-01                              CR-89-00042-01
                        US-V-SATTERFIELD
                           PROCEEDINGS
```

| Date | Proceeding |
|---|---|
| 02/06/89 | Filed information (Dkt'd 02/08/89). |
| | Case assigned to JUDGE UNASSIGNED (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| | US Attorney MOYE, H ALLEN added to case (Dkt'd 02/08/89). |
| | Attorney STATHAM, C GORDON added to case (Dkt'd 02/08/89). |
| | - Deft's Information Sheet, filed. (Dkt'd 02/08/89). |
| | Waiver of indictment (Dkt'd 02/08/89). |
| | Arraignment held (Count 1) (Dkt'd 02/08/89). |
| | Defendant's first appearance (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| | Defendant enters plea of guilty (Count 1) (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| | Filed plea agreement (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| | Sentencing set for 04/12/89 @ 1:30 PM (Count 1) (Courtroom 1906) (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| | Notice of sentencing date sent (Count 1) (JUDGE O'KELLEY) (Dkt'd 02/08/89). |
| 02/08/89 | Copy of docket sheet to Courtroom Deputy. (Dkt'd 02/08/89). |
| | Case assigned to JUDGE O'KELLEY (Dkt'd 02/08/89). |
| 03/02/89 | Sentencing reset to 04/11/89 @ 9:00 AM (Count 1) (Courtroom 1906) (JUDGE O'KELLEY) (Dkt'd 03/07/89). |
| | Notice of sentencing date sent (Count 1) (JUDGE O'KELLEY) (Dkt'd 03/07/89). |
| 04/11/89 | Sentencing of defendant (Count 1) (IMPR. 6 months as to Ct 1. FINE $1,000.00. Deft to pay an assessment of $50.00. Deft shall surrender for service of sentence before 2 P.M. on 5/12/89 or to the USM, Atlanta, Ga., if no designation has been received by the Bureau of Prisons. Upon release from imprisonment, the deft shall be on supervised release for a term of 1 year. Defendant is prohibited from possessing or having under his control any firearm, is required to participate in a substance abuse program approved by USPO and deft is to pay his fine and special assessment on terms and conditions set by the USPO.) (JUDGE O'KELLEY) (Dkt'd 04/21/89). |
| | Issued Judgment and commitment to U.S. Marshal (Count 1) (USM, USPO, AUSA, FINANCIAL, PSA, CNSL, 4/17/89) (JUDGE O'KELLEY) (Dkt'd 04/21/89). |
| 05/23/89 | Steno notes of proceedings of 04/11/89 before JUDGE O'KELLEY filed (court reporter Reidy) (Dkt'd 07/17/89). |
| 02/02/90 | Filed transfer of jurisdiction of probationer, transferred to 113CO (S/D of Florida, Fort Lauderdale.) (JUDGE O'KELLEY) (Dkt'd 02/14/90). |

```
                                                                        PAGE 4
CR-89-00042-01                                      CR-89-00042-01
                      US-V-SATTERFIELD
                                    PROCEEDINGS

02/14/90         Transmitted documents to 113C0 (cert cpy of information,
                    waiver of indictment, plea of guilty, plea agreement, and
                    sentence.) (JUDGE O'KELLEY) (Dkt'd 02/14/90).
.........................................................................
```

| PROBATION FORM 22 | UNITED STATES DISTRICT COURT | | DOCKET NUMBER (Tran. Court) |
|---|---|---|---|
| (REV. JAN 71) | FEDERAL PROBATION SYSTEM | | 89-42-01 |
| | TRANSFER OF JURISDICTION | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER | DISTRICT | DIVISION |
|---|---|---|
| Mr. Steve Satterfield | ND/Georgia | Atlanta |
| FILED IN CLERK'S OFFICE U.S.D.C. - Atlanta | NAME OF SENTENCING JUDGE | |
| 03 FEB 2 1990 | Honorable William C. O'Kelley, Chief Judge | |
| LUTHER D. THOMAS, Clerk By: Deputy Clerk | DATES OF PROBATION TSR | FROM 9-9-89 | TO 9-8-90 |

**OFFENSE**

Ct. 1: Use of Telephone To Facilitate Felony (Attempt to Possess with Intent to Distribute Marijuana) 21:USC:843(b), Class E Felony

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __Northern__ DISTRICT OF __Georgia__

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3653 the jurisdiction of the probationer named above be transferred with the records of this Court to the United States District Court for the __Southern District of Florida__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

__December 11, 1989__  
Date

_[signature]_  
United States District Judge

* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __Southern__ DISTRICT OF __Florida__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer be accepted and assumed by this Court from and after the entry of this order.

ATTEST: A TRUE COPY  
CERTIFIED THIS  

FEB 14 1990  

Luther D. Thomas, Clerk  
By: Deputy Clerk

__January 12, 1990__  
Effective date

_[signature] James C. Paine_  
United States District Judge

FPI-MI--11-6-72-20M-8464

AO 245 S (3/88) Sheet 1 - Judgment including Sentence Under the Sentencing Reform Act

# United States District Court

U.S.D.C. Atlanta
APR 11 1989
LUTHER D THOMAS, Clerk
By: _____
Deputy Clerk

___NORTHERN___ District of ___GEORGIA___

| UNITED STATES OF AMERICA | JUDGMENT INCLUDING SENTENCE |
| V. | UNDER THE SENTENCING REFORM ACT |
| STEVE SATTERFIELD | Case Number CR89-42A |

(Name of Defendant)

___Gordon Statham___
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  the one count criminal information .
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 843(b) | Use of telephone to facilitate felony (attempt to possess with intent to distribute marijuana), Class E Felony | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☐ It is ordered that the defendant shall pay to the United States a special assessment of $ _____, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:

Defendant's mailing address:

Defendant's residence address:

ATTEST: A TRUE COPY
CERTIFIED THIS
FEB 14 1990
Luther D. Thomas, Clerk
By: Deputy Clerk

April 11, 1989
Date of Imposition of Sentence

_____ (signature)
Signature of Judicial Officer

WILLIAM C. O'KELLEY
United States District Judge
Name & Title of Judicial Officer

April 11, 1989
Date

Defendant: STEVE SATTERFIELD
Case Number: CR89-42A

Judgment—Page __2__ of __5__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __SIX (6) MONTHS__.

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district,

☐ at _____ a.m./p.m. on _____.

☐ as notified by the Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ☒ before 2 p.m. on __May 12, 1989__, or to the U.S. Marshal in Atlanta, Ga., if no designation has been received.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment—Page __3__ of __5__

**Defendant:** STEVE SATTERFIELD
**Case Number:** CR89-42A

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

ONE (1) YEAR.

 While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions: (SEE BELOW)

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

1. Defendant is prohibited from possessing or having under his control any firearm.

2. Defendant is required to participate in a substance abuse program approved by the U.S. Probation Office.

3. Defendant is to pay his fine and special assessment on terms and conditions set by the U.S. Probation Office.

Case 0:90-tp-00001-JAG   Document 1   Entered on FLSD Docket 02/25/2015   Page 10 of 18

AO 245 S (3/88) Sheet 5 - Standard Conditions of Probation

Judgment—Page 4 of 5

**Defendant:** STEVE SATTERFIELD
**Case Number:** CR89-42A

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

AO 245 S (3/88) Sheet 6 - Fine With Special Assessment

Judgment—Page 5 of 5

Defendant: STEVE SATTERFIELD
Case Number: CR89-42A

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 1050.00 , consisting of a fine of $ 1000.00 and a special assessment of $ 50.00 .

☐ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ☐ immediately.
☐ as follows:

☐ The Court has determined that the defendant does not have the ability to pay interest. It is ordered that:

☐ The interest requirement is waived.
☐ The interest requirement is modified as follows:

U.S. Department of Justice
United States Attorney
Northern District of Georgia

PLEA (With Counsel)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

CRIMINAL NO. CR89- 42 -A

I, STEVE SATTERFIELD, defendant, having received a copy of the within INDICTMENT-INFORMATION, and having (been arraigned-waived arraignment) PLEAD GUILTY thereto to COUNT(S) One thereof.

In Open Court this 6th day of February 19 89.

_____          _____
SIGNATURE(Attorney for Defendant)         SIGNATURE(Defendant)
GORDON STATHAM                            STEVE SATTERFIELD

INFORMATION BELOW MUST BE TYPED OR PRINTED

GORDON STATHAM                            STEVE SATTERFIELD
NAME (Attorney for Defendant)             NAME (Defendant)

                                          STREET

CITY & STATE     ZIP CODE                 CITY & STATE     ZIP CODE

PHONE NUMBER _____              PHONE NUMBER _____

Filed in Open Court

ATTEST: A TRUE COPY
CERTIFIED THIS

FEB 1_ 1989

Luther Thomas, Clerk
By: Deputy Clerk

FEB 6 1989

Luther D. Thomas, Clerk
By: _____
    Deputy Clerk

By _____

Form No. USA-40-19-B
(Rev. 7/12/82)

U.S. Department of Justice
United States Attorney
Northern District of Georgia

**Negotiated Plea**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

CRIMINAL NO. CR89- 42 -A

I, STEVE SATTERFIELD , defendant, having received a copy of above-numbered (INDICTMENT-INFORMATION), PLEAD GUILTY thereto to count(s) One , thereof. The defendant, his counsel, and counsel for the United States, subject to approval by the COURT, have agreed upon a NEGOTIATED PLEA in this case. The defendant shall PLEAD GUILTY to COUNT(S) One , the remaining COUNT(S) to be dismissed upon sentencing. Additionally, it is agreed that:

See Attachment

In Open Court this 6th day of February , 19 89 .

SIGNATURE (Attorney for Defendant)
GORDON STATHAM

SIGNATURE (Defendant)
STEVE SATTERFIELD

SIGNATURE (Assistant United States Attorney)
H. ALLEN MOYE

.........................................

**INFORMATION BELOW MUST BE TYPED OR PRINTED:**

GORDON STATHAM
NAME (Attorney for Defendant)

STEVE SATTERFIELD
NAME (Defendant)

STREET                                  #1

Decatur                                 42
CITY & STATE     ZIP CODE               CITY & STATE     ZIP CODE

Filed in Open Court

FEB 1 1990

Luther Thomas, Clerk
By Deputy Clerk

FEB 6 1989
FILED IN OPEN COURT
Luther D. Thomas, Clerk
By: Deputy Clerk

By

Form No. USA-40-19-D
(Rev. 7/12/82)



**U.S. Department of Justice**

United States Attorney

*Organized Crime Drug Enforcement Task Force*
*Southeast Region*

---

75 Spring St., S.W.  404/331-3784
Suite 1176  FTS/242-3784
Atlanta, Georgia 30303

February 2, 1989

Mr. Gordon Statham
Attorney at Law

_____, \_\_ \_\_\_\_\_

                         Re:  Steve Satterfield
                              CR88-279A

Dear Mr. Statham:

   This letter is intended to memorialize the agreement between your client, Steve Satterfield and the United States.

   1. Mr. Satterfield will be charged by Criminal Information with a violation of Title 21, <u>United States Code</u>, Section 843(b), an offense carrying a maximum possible sentence of four (4) years imprisonment, or a fine of up to $30,000, or both. Mr. Satterfield will waive indictment by a grand jury and will plead guilty to said criminal information. Mr. Satterfield admits that he is guilty.

   2. Mr. Satterfield will provide truthful information, and will testify, fully and truthfully, if called to testify, in a case now pending between the <u>United States v. Douglas Reynolds</u>, CR88-488A. Such cooperation shall be provided in accordance with Section 1B1.8 of the Sentencing Guidelines.

   3. At sentencing, the Government will make no recommendation as to sentence. The Government will bring to the attention of the Court, and the Court will be entitled to consider, the nature and extent of his cooperation. The Government will dismiss, at sentencing, Indictment CR88-279A, as to the defendant Satterfield.

4. There are no other agreements between the Government and Mr. Satterfield.

>Respectfully submitted,
>
>ROBERT L. BARR, JR.
>UNITED STATES ATTORNEY
>
>*[signature]*
>
>H. ALLEN MOYE
>ASSISTANT UNITED STATES ATTORNEY
>SOUTHEASTERN DRUG TASK FORCE

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

FEB 3, 1989
Date

STEVE SATTERFIELD

I am Mr. Satterfield's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

Feb. 3, 1989
Date

GORDON STATHAM, ESQUIRE
Counsel for Mr. Satterfield

ORIGINAL

AO 455 (Rev. 5/85) Waiver of Indictment

# United States District Court

FEB 6 1989

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

V.

STEVE SATTERFIELD

## WAIVER OF INDICTMENT

CASE NUMBER: CR89-42-A

I, __STEVE SATTERFIELD__, the above named defendant, who is accused of knowingly and intentionally utilizing a communication facility, to wit: a telephone to facilitate felony violations of Subchapter I, Chapter 13, Title 21, United States Code, to wit: the attempted possession of marijuana with the intent to distribute said marijuana.

being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on __2/6/89__ prosecution by indictment and consent that the
Date
proceeding may be by information rather than by indictment.

ATTEST: A TRUE COPY
CERTIFIED THIS

FEB 1 1990

Luther D. Thomas, Clerk
By: Deputy Clerk

Defendant  STEVE SATTERFIELD

Counsel for Defendant  GORDON STATHAM

Before __Feb. 6, 1989__
Judicial Officer

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION



FEB 6 1989

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL INFORMATION |
| V. | : | |
| | : | CR 89-42-A |
| STEVE SATTERFIELD, | : | |
| Defendant. | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

On or about November 18, 1987, in the Northern District of Georgia, the defendant

STEVE SATTERFIELD

knowingly and intentionally utilized a communication facility, to wit: a telephone to facilitate felony violations of Subchapter I, Chapter 13, Title 21, United States Code, to wit: the attempted possession of marijuana with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all in violation of Title 21, United States Code, Section 843(b).

This 6th day of February, 1989.

ROBERT L. BARR, JR.
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF GEORGIA

H. ALLEN MOYE
ASSISTANT UNITED STATES ATTORNEY
SOUTHEASTERN DRUG TASK FORCE

ATTEST: A TRUE COPY
CERTIFIED THIS

FEB 1 ...

| PROBATION FORM 22 (REV. JAN 71) | UNITED STATES DISTRICT COURT FEDERAL PROBATION SYSTEM TRANSFER OF JURISDICTION | FEB 2 1990 | DOCKET NUMBER (Tran. Court) 89-42-01 |
|---|---|---|---|
| | | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER | DISTRICT | DIVISION |
|---|---|---|
| Mr. Steve Satterfield | ND/Georgia | Atlanta |
| | NAME OF SENTENCING JUDGE | |
| | Honorable William C. O'Kelley, Chief Judge | |
| | DATES OF ~~PROBATION~~ TSR → | FROM 9-9-89 | TO 9-8-90 |

**OFFENSE**

Ct. 1: Use of Telephone To Facilitate Felony (Attempt to Possess with Intent to Distribute Marijuana) 21:USC:843(b), Class E Felony

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __Northern__ DISTRICT OF __Georgia__

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3653 the jurisdiction of the probationer named above be transferred with the records of this Court to the United States District Court for the __Southern District of Florida__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

December 11, 1989
_Date_

_United States District Judge_

* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer be accepted and assumed by this Court from and after the entry of this order.

January 12, 1990
_Effective Date_

_United States District Judge_

FPI-MI—11-6-72-20M-8464

SCANNED